UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** } } } | |
| **Plaintiff,** } } | Case No.: 1:19-CV-01113-ACA |
| v. } } | |
| **NADIYA WALKER, and VICKI MONCRIEF,** } } } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Vicki Moncrief's Motion for Default Judgment against Defendant Nadiya Walker. (Doc. 26). Metropolitan Life Insurance Company ("Metropolitan") filed a complaint in interpleader against all Defendants on July, 16 2019, requesting that disputed policy proceeds from the T. R. Miller Mill Company Inc. Basic Term Life Insurance and Personal Accidental Death and Dismemberment Insurance Plans ("Plans") of Decedent Cory Moncrief be accepted into the registry of the court and held for future disbursement according to the courts judgment as to the correct beneficiary. (Doc. 1 at 5 ¶ 16–19). In addition, Metropolitan requested that the court enjoin Defendants from instituting any action against Metropolitan. (Doc. 1 at 6).

Ms. Moncrief received and waived service via certified mail. (Doc. 7). Ms. Walker received service through personal delivery on August 4, 2020. (Doc. 23). Ms. Moncrief also filed a crossclaim against Ms. Walker requesting that Metropolitan pay all proceeds to Ms. Moncrief. (Doc. 8). Ms. Walker failed to file or serve a response or pleading to Metropolitan's interpleader complaint or the cross claim within the time prescribed by the Federal Rules of Civil Procedure. The Clerk entered default against Ms. Walker on August 31, 2020. (Doc. 26). Ms. Moncrief filed the motion for default judgment now before the court on September 22, 2020. (Doc. 26).

I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). Accordingly, the court takes as true the well-pleaded allegations of Metropolitan's Interpleader Complaint.

Metropolitan is an insurance company organized under the laws of the State of New York. (Doc. 1). Cory Moncrief, a former employee of T.R. Miller Mill Company Inc. ("T. R. Miller"), was a participant in Plans at the time of his death. (Doc. 1 at 2-3 ¶ 6, 9). Mr. Moncrief designated his fiancé, Ms. Walker, as the sole primary beneficiary and his mother, Ms. Moncrief, as the sole contingent beneficiary. (Doc. 1 at 3 ¶ 8). Mr. Moncrief died on March 31, 2015 as the result of a gunshot wound to his head. (Doc. 1 at 3 ¶ 11). Mr. Moncrief's death was classified as a homicide and Ms. Walker has been indicted for two counts of capital murder and is awaiting trial.

(Doc. 1 at 4 ¶ 11).  Thus, Metropolitan brought this interpleader action to determine if Ms. Walker would be disqualified from receiving the funds.

At the time of his death, the Plans held $52,000 in Basic Life Insurance and $52,000 in Accidental Death and Dismemberment Life Insurance, for a total benefits amount of $104,000. (Doc. 1 at 3 ¶ 10).  Metropolitan deposited those proceeds with the Clerk of the Court and Ms. Moncrief field a crossclaim against Ms. Walker alleging that Ms. Walker is statutorily prohibited from recovering the Plan proceeds.  (Doc. 8 at 10 ¶ 7).  Despite proper service, Ms. Walker did not file or appear, and a Clerk's default was entered against her on August 31, 2020.  (Doc. 25).  On September 22, 2020, the court entered a final default judgment against Ms. Walker.  (Doc. 26).  Ms. Moncrief now moves for a final default judgment against Ms. Walker.  (Doc. 26).  Specifically, Ms. Moncrief requests an order disbursing the interpleader funds to her.  (Doc. 8).

**DISCUSSION**

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default.  Fed. R. Civ. P. 55(a).  Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint

state a claim for relief.  Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Although it is typically the plaintiff who moves for an entry of default judgment, courts in this Circuit generally recognize the right of a defendant in an interpleader action to do so.  *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *1 (N.D. Ala. Mar. 25, 2015); *Columbus Life Ins. Co. v. Allen*, 2015 WL 12696200, at *1 (M.D. Fla. Apr. 23, 2015);  *see also Metropolitan Life Ins. Co. v. London*, 2013 WL 2181295, at *1 (M.D. Ala. May 20, 2013) (citation omitted).  Indeed, "[w]ithout the ability to enter a default judgment against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants." *Protective Life Ins. Co.*, 2015 WL 1402464, at *1.

Here, Ms. Moncrief seeks an entry of default judgment against Ms. Walker (doc. 26) and an order distributing the Plan proceeds to her. (Doc. 8 at 10).  The court already entered default against Ms. Walker.  (Doc. 26).  Because Ms. Walker was a named interpleader defendant and she failed to answer the interpleader complaint and assert a claim to the *res*, she has forfeited any claim of entitlement that she might have otherwise had on the life insurance proceeds.  As the sole remaining claimant, Ms. Moncrief is entitled to the Plan proceeds.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Metropolitan and Ms. Moncrief agree that Metropolitan's counsel is due $5,000.00 in attorney's fees. (Doc. 26-1 at 2). The court therefore **WILL GRANT** Ms. Moncrief's request for attorneys' fees out of the interpleader funds in the amount of $5,000.00.

The amount deposited with the court is $104,893.26, the sum of the life insurance policy plus interest. Ms. Moncrief is entitled to that amount less Metropolitan's $5,000.00 in attorney's fees. Accordingly, the court will award Ms. Moncrief $99,893.26 plus all interest accrued since the deposit was received by the Clerk of Court on July 1, 2020. (Doc. 18).

## II.  CONCLUSION

The court **WILL GRANT** Ms. Moncrief's motion for default judgment. (Doc 26). The court **WILL ENTER DEFAULT JUDGMENT** against Ms. Walker. The court **WILL GRANT** Metropolitan's request for attorney's fees of $5,000. The court **WILL AWARD** Ms. Moncrief the balance of the interpleaded funds, $99,893.26, plus post-judgment interest at the statutory rate in accordance with 28 U.S.C. § 1961. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 26, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE